BELSOME, J.,
concurs in the result and assigns reasons.
I agree that the trial court correctly granted Marquee Investment Property’s motion for preliminary injunction pursuant to La. C.C.P art. 3663(2). La. C.C.P. art. 3663(2) permits injunctive relief to persons who are “disturbed in the possession in which he and his ancestors in title have had for more than a year of immovable property or of a real right of which he claims the ownership, possession, or the enjoyment” (emphasis supplied). Marquee' was disrupted of a real right in immovable property to which it claimed ownership; therefore, a preliminary injunction under La. C.C.P. art. 3663(2) was permissible. Since Marquee established that it would likely prevail on the merits of its claim, the trial court did not abuse its discretion in granting Marquee’s motion for preliminary injunction. Because this finding is disposi-tive of the- issue, discussion of the denial of Jackson’s motion for preliminary injunction is unnecessary. For these reasons, I concur in the result reached by the majority.